## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ARMELLE M. GUERRIER,
                Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                Agency.

DOCKET NUMBER
NY-0843-17-0194-I-1

DATE: March 20, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Armelle M. Guerrier</u>, Brooklyn, New York, pro se.

<u>Jo Bell</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying her application for payment of a lump sum death benefit. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant filed a Board appeal of OPM's reconsideration decision denying her application for payment of a lump sum death benefit based on the Federal service of a former annuitant.  Initial Appeal File (IAF), Tab 1, Tab 8 at 6-8.  On November 16, 2017, the administrative judge issued an initial decision affirming OPM's reconsideration decision.  IAF, Tab 16, Initial Decision (ID).  The initial decision stated it would become final on December 21, 2017, unless a petition for review was filed by that date.  ID at 4.

The appellant filed an initial appeal document with the Board's Northeastern Regional Office on February 10, 2018.  Petition for Review (PFR) File, Tabs 1, 3.  Thereafter, the Office of the Clerk of the Board contacted the appellant to clarify the intent of her filing.  PFR File, Tab 3 at 1.  Following the telephone call, the Board docketed the February 10, 2018 pleading as a petition for review and advised the appellant that it was untimely filed.  *Id.* at 2.  The appellant has not provided a response to the Board's acknowledgement letter, and the agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's regulations provide that a petition for review must be filed within 35 days after the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the day of issuance, within 30 days after the date she received the initial decision.  5 C.F.R. § 1201.114(e).  The appellant bears the burden of proof regarding timeliness, which she must establish by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(ii).

Here, the record reflects that the initial decision was sent by electronic mail to the appellant on November 16, 2017—the date it was issued.  IAF, Tab 17 at 1; IAF, Tab 3 at 2; *see* 5 C.F.R. § 1201.14(e)(1) (2018) (stating that registration as an e-filer constitutes consent to accept electronic service of pleadings filed by other registered e-filers and documents issued by the Board).  Thus, the petition

for review had to be filed within 35 days after the date of issuance of the initial decision, or by December 21, 2017. *See* 5 C.F.R. § 1201.114(e). However, the appellant filed a petition for review on February 10, 2018, almost 2 months past the filing deadline. PFR File, Tab 1.

The Board will excuse the late filing of a petition for review on a showing of good cause for the delay. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortunate that similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

In an acknowledgement letter, the Office of the Clerk of the Board informed the appellant that her petition for review was untimely filed and that she could file a motion with the Board to accept her filing as timely or to waive the time limit for good cause. PFR File, Tab 3. The letter also provided the appellant a blank copy of the form motion for her to complete in order to satisfy the requirement and stated that the motion must be sent by April 27, 2018. *Id.* at 2. The appellant, however, failed to respond to the Office of the Clerk's notice regarding timeliness and did not otherwise attempt to explain the delay in filing her petition for review.[2] The appellant's arguments regarding the merits of her case do not establish good cause for a late filing. *See Guevara v. Department of*

[2] Although the appellant is acting pro se on review, the filing delay is significant. *See Alvarado v. Defense Commissary Agency*, 88 M.S.P.R. 46, ¶¶ 4-5 (2001) (finding that a filing delay of almost 2 months was significant).

*the Navy*, 112 M.S.P.R. 39, ¶ 7 (2009). In light of the foregoing, we find that the appellant has set forth no grounds for finding good cause for a waiver of the filing deadline. *See Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶¶ 7-8 (2010) (dismissing the petition for review as untimely filed with no good cause shown when the petition for review was silent as to the reason for the delay and the appellant provided no explanation for the late filing in response to the Clerk's notice); *Mitchell v. Broadcasting Board of Governors*, 107 M.S.P.R. 8, ¶ 8 (2007) (dismissing the petition for review as untimely filed without good cause shown when the appellant filed her petition for review 2 months late and did not respond to the Clerk's notice to establish good cause for the delay).

Accordingly, we dismiss the petition for review as untimely filed without good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding this appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

_____

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                     _____
                                   Gina K. Grippando
                                   Clerk of the Board
Washington, D.C.